JULIO TORRES, Petitioner, *v.* DISTRICT COURT OF PONCE, Respondent.

No. 562.   Argued February 16, 1927.—Decided February 25, 1927.

*Leopoldo Tormes* for the petitioner.

MR. JUSTICE WOLF delivered the opinion of the court.

This is a petition for a writ of certiorari in which the petitioner alleges that the action of the court below, in filing away a suit against one defendant, prevents him from obtaining judgment against another, where both were sued together but service was not obtained against the one in favor of whom the order of filing away was entered.

The cause of action arose out of a joint and several obligation. The complainant originally obtained service against one of the debtors, but not against the other because of the absence of the latter from the jurisdiction. Subsequently the latter returned to Ponce, but when service was had or attempted upon him he successfully maintained that this service was obtained too late, inasmuch as a summons was not issued within a year from the beginning of the action. Thereupon the court ordered the case against him filed away.

No question is raised as to whether the service was in time or not. It seems to be conceded that it was not. The petitioner merely alleges that the order of filing away prejudices him and prevents him from obtaining judgment against the debtor validly served. The theory apparently is that where there are debtors jointly and separately liable and both are sued, the filing away of a suit against one is *res adjudicata* against the other and the case of *Central Banking & Security Co.* v. *U. S. Fidelity & Guaranty Co.*, 51 L.R.A. (N. S.), 797, is cited. The petitioner filed a motion for reconsideration but the court insisted upon its action.

The case cited does not support petitioner's contention. Apparently it decides exactly the opposite, but the question in any case was whether a dismissal against certain sureties could be raised as *res adjudicata* in a suit against other sureties perhaps similarly situated. We shall not stop further to analyze the case. The petitioner himself draws attention to section 96 of the Code of Civil Procedure, as follows:

"When the action is against two or more defendants jointly or

severally liable on a contract, and the summons is served on one or more, but not on all of them, the plaintiff may proceed against the defendants served in the same manner as if they were the only defendants."

Hence, whether the order of filing away is valid or not, the petitioner has a complete right, if his cause of action is good, to proceed to judgment against the debtor properly served. Perhaps a different question might be raised on an obligation exclusively joint, but this is a joint and several obligation. The order of filing away is no bar and the fact, as alleged, that no judgment was entered thereon could only help but not prejudice the petitioner.

The filing away of the case may be erroneous, but if the petitioner's object is to recover judgment against the debtor properly served we see no prejudice and no reason for the issuance of an extraordinary writ.

The petition will be denied.